UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. EDCV 13-00914-CJC(SPx)            Date: May 30, 2013

Title: <u>MARGARET BIELLO v. SANDY TUNG, ET AL.</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Michelle Urie</u>            <u>N/A</u>
Deputy Clerk            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present            None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

       On May 3, 2013, Plaintiff Margaret Biello filed a Complaint in Riverside County Superior Court against Defendants MBC USA, Inc. ("MBC"), Montgomery Business Consultants, Inc. ("Montgomery"), and Sandra Tung (collectively, "Defendants"). Ms. Biello's claims arise out of alleged disputes between Ms. Biello and Ms. Tung regarding the management and operations of MBC, a company that markets and sells dairy and related products. In her Complaint, Ms. Biello alleges that she and Ms. Tung were originally 50/50 owners of MBC. (Compl. ¶ 11.) In 2010, Ms. Tung allegedly convinced Ms. Biello to transfer her stock to Montgomery, a company owned by Ms. Tung, so that Ms. Tung, a British citizen, could obtain a US Visa. (*Id*. ¶ 12.) Ms. Biello alleges that in 2012, Ms. Tung began to take steps to reduce or eliminate Ms. Biello's role in the management of MBC and loot the assets of MBC. (*Id*. ¶ 13.) Specifically, she alleges that Ms. Tung caused Montgomery to submit invoices to MBC for services never performed, sought compensation for undocumented loans, increased her salary significantly, used the MBC bank card for improper purposes, and squeezed Ms. Biello out of MBC's operations and management. (*Id*. ¶¶ 14–19.) Ms. Biello asserts seven causes of action: (1) breach of fiduciary duty; (2) dissolution of corporation; (3) conversion; (4) unjust enrichment; (5) constructive trust and accounting; (6) declaratory relief; and (7) preliminary and permanent injunction enjoining the Defendants from engaging in improper behavior.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. EDCV 12-00640-CJC(FFMx)                      Date:  May 30, 2013
                                                                                                                 Page 2

---

      On May 20, 2013, Defendants removed this action to federal court.  (Dkt. No. 1.)  Defendants assert that this Court has subject matter jurisdiction over the case because it arises under federal law.  Specifically, Defendants assert that the Complaint arises under "federal immigration issues" including "1990 Immigration and Nationality Act; 8 U.S.C. § 1153(b)(1)(c)[;] USCIS § 101(a)(25)(L); 19 U.S.C. § 371 and 18 U.S.C. § 1001."  (*Id.* ¶ 4.)  For the following reasons, the Court, on its own motion, **REMANDS** this case to state court.

      The party removing an action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  In a case removed from state court, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action.  28 U.S.C. § 1441(b).  A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  A cause of action arises under federal law only when a federal question appears on the face of the plaintiff's well-pleaded complaint.  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

      Defendants have failed to meet their burden of establishing federal jurisdiction.  None of Ms. Biello's claims have elements premised on a right created by the Constitution or Congress.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Instead, her claims arise exclusively under state law.  Ms. Biello's claims relate to the operations and management of MBC, a California corporation.  The liabilities of officers or directors to the corporation and its stockholders are determined by state law.  *See In re Sagent Tech., Inc., Derivative Litig.*, 278 F. Supp. 2d 1079, 1086 (N.D. Cal. 2003) ("Under the 'internal affairs' doctrine, which is followed in most states, the law of the state of incorporation governs liabilities of officers or directors to the corporation and its shareholders.").  Not surprisingly, Ms. Biello makes several references to the California Corporations Code throughout the Complaint, (*see* Compl. ¶¶ 34–40), but does not once mention a federal law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. EDCV 12-00640-CJC(FFMx)            Date: May 30, 2013

Page 3

---

      In their Notice of Removal, Defendants cite several federal statutes related to immigration law under which, they argue, this case arises.[1]  (Dkt. No. 1 ¶ 4.)  Although federal immigration issues may arise given that Ms. Tung is allegedly a foreign citizen, there is no indication that such issues will necessarily arise or are actually disputed.  *See Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013) ("[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.").  Even if immigration issues were to arise, they are likely to be insubstantial.  Ms. Biello's allegations focus on the management and operations of MBC, which have no connection to federal immigration law.  Accordingly, the possibility that federal immigration issues will arise over the course of litigating Ms. Biello's state law claims is insufficient to create federal jurisdiction.

      For the foregoing reasons, the Court **REMANDS** this action to state court.


mtg

MINUTES FORM 11
CIVIL-GEN                                                                       Initials of Deputy Clerk: MU

---

[1] None of the statutes cite by Defendants are referenced in the Complaint, and none create a private cause of action.